*Western District*

No. 197112

## MENARD & HOLMBERG RAMBLER, INC.

v.

## CYRIL E. SHEA, JR.

Argued: June 18, 1970 - Decided: June 29, 1970

*Present:* Garvey, P.J., Allen and Dudley, J.J. Case tried to *Walsh, J.,* in the District Court of Springfield #197112.

*Garvey, P.J.* In this action of contract and tort the plaintiff seeks to recover in Count 1 damages in the amount of $695.80 because the defendant stopped payment on a check and in Count 2 $1,027.40 the value of a motor vehicle the plaintiff says the defendant converted. After a trial there was a finding for the defendant on both counts. The plaintiff claims

to be aggrieved by the denial of three of its requests for ruling of law — that the evidence did not warrant a finding for the defendant on count 1; that it did not warrant a finding for the defendant on Count 2, and request numbered 5 that on the facts, hereinafter recited, the plaintiff had acquired title to a motor vehicle "traded in" and that title to a new motor vehicle vested in the defendant.

*The reported evidence shows that* on January 13, 1968 the plaintiff and defendant executed an agreement whereby the plaintiff agreed to sell and the defendant to purchase a new 1968 Rambler; the defendant would be given a credit of $927.40 on an old car and the balance of $2550.00 to be paid in cash on delivery of the new car. On January 20, 1968 the defendant's wife left the old car with the plaintiff and picked up the new car at which time the registration plates of the old car were transferred to the new car.

In driving it to Holyoke, a distance of 5 to 50 miles, the new car stalled for the first time about 500 yards from the plaintiff's place of business and continued to stall. While driving to her home in West Springfield from Holyoke there were four more incidents of stalling. The next day, January 21, 1968 it stalled on the way to and from church.

On Monday, January 22, 1968 when returning it to the plaintiff it stalled on the way and it stalled when it reached the plaintiff's premises.

The plaintiff installed a new carburetor. The next day January 23, 1968 when backing from her garage the motor "bumped out". She then drove it to Springfield, a distance of three or four miles and while attempting to park in a parking garage the car would not move in reverse. At this point, pursuant to her husband's instructions to cancel the agreement, she drove the car to the plaintiff's garage. On the way it stalled again and a mechanic had to push it into the garage.

She demanded the old car back, got the keys and took it, and told the plaintiff "in no uncertain terms" that the new car was not hers and she was taking the old car back. Affixed to the old car when she took it were the plaintiff dealer's registration plates. The next day the plaintiff advised the defendant that a new transmission had been installed in the new car. The defendant told the plaintiff that he would not accept the car — that it had been a hazard to his family, was defective and unsafe and that he had stopped payment on his $2,550.00 check given to the plaintiff at the time of purchase.

Two days later the plaintiff's attorney wrote the defendant that the new car could be picked up at plaintiff's place of business or would be delivered to him — that the old car belonged to the plaintiff. On the same day the defendant went to the plaintiff's place of business, returned the dealer plates and detached the plates formerly on the old car from the new car and left.

Both parties agree that the transaction is governed by the provisions of the Uniform Commercial Code, G.L. c. 106, but cite no Massachusetts cases.

They read:

G.L. c. 106, § 2-601. "Subject to the provisions of this Article on breach in installment contracts (section 2-612) and unless otherwise agreed under the sections on contractual limitation of remedy (sections 2-718 and 2-719), if the goods or the tender of delivery fail in any respect to conform to the contract, the buyer may

    (a) reject the whole; or

    (b) accept the whole; or

    (c) accept any commercial unit or units and reject the rest"

G.L. c. 106, § 2-602 "(1) Rejection of goods must be within a reasonable time after their delivery or tender. It is ineffective unless the buyer seasonably notifies the seller.

(2) Subject to the provisions of the two following sections on rejected goods (§§ 2-603 and 2-604)

(a) after rejection any exercise of ownership by the buyer with respect to any commercial unit is wrongful as against the seller; and

(b) if the buyer had before rejection taken physical possession of goods in which he does not have a security interest under the provisions of this Article (subsection (3) of § 2-711), he is under a duty after rejection to hold them

with reasonable care at the seller's disposition for a time sufficient to permit the seller to remove them; but

(c) the buyer has no further obligations with regard to goods rightfully rejected.

(3) The seller's rights with respect to goods wrongfully rejected are governed by the provisions of this Article on seller's remedies in general (§ 2-703)."

Although we agree with the plaintiff that there had been a sale we are of the opinion that there had been a rejection within a reasonable time, that there was no conversion of the old car.

In denying as immaterial a request numbered 5 directed to this issue the trial judge specifically found: "I find that the motor vehicle which is the subject matter of this action was defective; that the breach of warranty and thereupon rightfully returned it to the plaintiff after rescinding the sale." This finding, warranted on the evidence, is controlling. We reject the argument that the defendant's remedy is limited by the plaintiff's "new car warranty" obligating it only "to repairing or replacing, without charge . . . any part or parts thereof" that are defective.

The controlling sections of the Uniform Commercial Code, as we interpret them, permit a purchaser of a defective new car as found by the trial judge in this case, to rescind the sale within a reasonable time which was done here.

There was no error in the denial of the plaintiff's requests for rulings of law.

**The report is to be dismissed.**

CHARLES M. HEALEY, III
  of Springfield for the defendant.
DONALD A. BEAUDRY
  of Springfield for the plaintiff.